THOMAS J. STEWART & *als. versus* A. P. WALDRON & *al.*

Certain matters in issue between the parties having been submitted to referees, objection was taken to their award, on the ground that the submission was, in fact, to the committee of the Board of Trade of Portland and that their action should have been governed by the constitution and by-laws of that board; which it was not. In the submission, they were named as individuals; but in their report they styled themselves "The Committee of Arbitration of the Board of Trade of the City of Portland." — *Held,* that the submission was to the persons named therein in their individual, and not in their official character, and that no objection having been taken to their mode of proceeding, in giving notice and admitting evidence, their decision is final and conclusive.

On REPORT from *Nisi Prius,* CUTTING, J., presiding.

This was an action of DEBT on a charter party. The question submitted to the full Court is stated in the opinion.

*Rowe & Bartlett,* for plaintiffs.

*Kent,* for defendants.

GOODENOW, J. — This is an action of debt. The writ is dated March 16, 1855, and contains three counts; the first, upon a charter party, claiming the actual damages alleged to have been sustained by the plaintiffs; the second, upon the award of arbitrators in favor of the plaintiffs, for the penal sum named in the charter party, $500, and costs of arbitration, $35; and third, upon an account annexed.

If, upon the facts admitted and the whole evidence, the Court shall be of opinion that the plaintiffs are entitled to recover on the *second* count, a default is to be entered, and judgment made up under that count, otherwise the case is to stand for trial.

On the 21st of October, 1854, the parties agreed to refer the matter in dispute between them, by an obligation, as follows: —

"We, the undersigned, parties in a case now pending between us, and which we have mutually agreed to refer to Messrs. N. F. Deering, C. S. Carter, C. M. Davis and A. L. Hobson, to arbitrate and decide, and do further agree to

abide by the decision of said referees, and do hereby each to the other bind ourselves in the penal sum of $500, to abide by such decision." Both parties were heard before said referees, who, on the 25th of October, 1854, made their award in writing in favor of the plaintiffs, for the penal sum named in the charter party and costs of arbitration; of which the defendants had due notice.

The defendants object to the validity of this award because, they allege, that the submission was in fact a submission to a committee of the Board of Trade of Portland, and should be subject to the constitution and by-laws of said Board of Trade; and that the proceedings of the arbitrators were not in accordance with the same; and that for this reason their award is not binding upon the parties.

It is true that the arbitrators, in their report, style themselves as "the Committee of Arbitration of the Board of Trade of the city of Portland;" and that notice was given and the parties were heard, as they usually are before said committee; and that the four gentlemen who are named above as referees, were at the time they heard the case, members of said committee. But these facts do not change the character of the submission. That refers the case to the gentlemen named, in their individual, and not in their official character. No exception appears to have been taken by either party to the mode of proceeding, in giving notice, or admitting and hearing evidence. The case seems to have been carefully considered; and we see no good reason to dissent from the conclusion to which the arbitrators arrived, if the question were open for our consideration. But it is not. In our opinion the decision of the arbitrators is final and conclusive between the parties; and, according to the agreement of the parties, a default must be entered, and judgment made up for the plaintiff, upon the second count in the writ, according to the terms of said award.

TENNEY, C. J., and HATHAWAY, APPLETON, and MAY, J. J., concurred.